NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUO GUANG ZHUANG, | No. 13-73422 |
| Petitioner, | Agency No. A087-694-731 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2024**
San Francisco, California

Before: WALLACE, O'SCANNLAIN, FERNANDEZ, Circuit Judges.

Guo Guang Zhuang, a native and citizen of China, petitions pro se for review

of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the

immigration judge's (IJ) denial of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's adverse credibility determinations for substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010); 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

The BIA's adverse credibility determination is supported by substantial evidence. When assessing a claimant's credibility under the REAL ID Act, the agency must consider the "totality of the circumstances, and all relevant factors," including any inconsistencies or inaccuracies in the petitioner's statements. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The BIA identified numerous inconsistencies and implausibilities that bore on Zhuang's veracity and that were supported by substantial evidence, including Zhuang's inconsistent accounts of his arrest and his subsequent travel to the United States. The IJ addressed Zhuang's explanations for his inconsistent or implausible statements on these issues and offered specific and cogent reasons for not accepting them. *Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021).

We accord a "healthy measure of deference" to an agency's adverse credibility determination, which may be upheld unless the evidence compels—and not merely supports—a different conclusion. *Dong v. Garland*, 50 F.4th 1291, 1296, 1300 (9th Cir. 2022) (quoting *Shrestha*, 590 F.3d at 1041). Unsupported findings

must "all but gut" the agency's determination under the totality of the circumstances. *Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021).

Here, because the agency offered "specific, cogent explanation[s]" for not accepting Zhuang's reason for at least several inconsistencies that went to the veracity of his claims, the agency's adverse credibility determination is not all but gutted. *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (quotation omitted). Although the evidence may have supported an alternative finding for some of Zhuang's claims, under the totality of the circumstances, the IJ's explanations for finding Zhuang not credible were adequately reasoned and supported by evidence in the record, and thus the agency did not substantially err. *Id*.

The agency also did not err in finding that Zhuang failed to submit corroborative evidence substantiating his claim that he would be imprisoned for life for leaving China. Zhuang's submitted evidence failed to corroborate the plausibility and seriousness of his claimed persecution, as it was not specific enough to show his experiences were shared by other similarly situated individuals. *Cf. Bolanos-Hernandez v. I.N.S.*, 767 F.2d 1277, 1286 (9th Cir. 1984) (holding that petitioner's claim was credible because petitioner testified of specific instances and provided documentary evidence in which others were persecuted for similar situations as his). The agency did not err in finding that Zhuang had not met his evidentiary burden of proof.

Because a noncitizen who fails to establish a well-founded fear of persecution for asylum purposes is necessarily ineligible for withholding of removal, Zhuang's withholding of removal claim should also be denied. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Because the agency did not err in finding Zhuang not to be a credible witness, Zhuang's applications based on persecution necessarily fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We may not reach Zhuang's CAT claim, as it is unexhausted because Zhuang did not meaningfully challenge it on appeal. "A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013); *see also Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (holding that a petitioner cannot raise an issue on appeal that was not raised before the agency).

**PETITION DENIED**.